FILED FOR RECORD
Ashley County, Arkansas
at 3:35 o'clock ___P___ m

NOV 30 2021

VICKIE STELL, CIRCUIT CLERK
BY Lisa Kingham

In the Circuit Court of Ashley County, Arkansas

Carl Cline, individually and on behalf
of all others similarly situated,                                    Plaintiff

v.                              Case No. 02CV-21-174-3

Walco Funding, LLC                                                    Defendant

## Class Action Complaint

1. Defendant Walco Funding, LLC (Walco Funding) illegally acted by debiting Plaintiff Carl Cline's and putative class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and putative class members' accounts.

2. Walco Funding thereby violated the Electronic Funds Transfer Act (EFTA), 15 U.S.C. § 1693, et seq., and the regulations promulgated thereunder, the Arkansas Deceptive Trade Practices Act (the ADTPA), Ark. Code Ann. § 4-88-101, et seq., and amount to conversion.

3. Plaintiff and each Class Member had automatic monthly payments debited from their bank accounts by Defendant Walco Funding ("Walco Funding") without notice after purchasing vehicle service contracts from Ox Car Care, Inc.

4. The EFTA "establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer and remittance transfer services and of financial institutions or other persons that offer these services" to achieve its "primary

objective" of protecting "individual consumers engaging in electronic fund transfers and remittance transfers."[1]

### Jurisdiction and Venue

5. Jurisdiction of this Court arises under 15 U.S.C. § 1693m(g), which states that "Without regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." This Court is a court of competent jurisdiction under the EFTA because it is a court of competent jurisdiction and is also has jurisdiction of Cline's claims under the ADTPA and for conversion.[2]

6. Venue is proper in Ashley County, Arkansas, under Ark. Code Ann. § 16-60-101(a)(1) and (3), and (b)(1), because this is the county in which a substantial part of the events or omissions giving rise to the cause of action occurred and is the county in which Cline resided at the time of the events and omissions giving rise to the cause of action.

7. This Court has personal jurisdiction over Walco Funding because it conducts business in Arkansas and has availed itself to the jurisdiction of Arkansas by offering payment processing services to companies, like Ox Car Care, Inc., that sell vehicle service contracts to Arkansas consumers, like Cline and the putative class members, whose payments for vehicle service contracts sold by Ox Car Care, Inc., are processed by Walco Funding, oftentimes through banks located in Arkansas.

---

[1] 12 C.F.R. § 1005.2(b).

[2] AR Const. Amend. 80, sec. 6; and Ark. Code Ann. § 16-13-201(a).

## Parties

### *Plaintiff Carl Cline*

8. Carl Cline is a natural person and a citizen of Arkansas, residing in Ashley County, Arkansas, and is a "consumer" as defined by the EFTA.[3]

### *Defendant WalCo Funding*

9. Walco Funding is a "person" as defined by the EFTA.[4]

10. Walco Funding is a payment plan provider for vehicle service contracts.

11. Walco Funding partners with companies, like Ox Car Care, Inc., that market and sell vehicle service contracts to consumers.

12. Walco Funding is a limited liability company organized under Delaware law.

13. Walco Funding's principal office is located at 440 N. Wells Street, Suite 410, Chicago, Illinois, 60654.

14. Walco Funding's registered agent for service of process is Jeffrey A. Hechtman, 500 W. Madison Street, Suite 3700, Chicago, IL 60661.

15. At the time of the occurrences described herein, Walco Funding acted through its employees or other agents, and any conduct of its employees or agents is charged to Walco Funding.

---

[3] 12 C.F.R. § 1005.2(e).

[4] 12 C.F.R. § 1005.2(j).

## Factual Allegations

16. On or about July 17, 2021, Cline saw an advertisement for Ox Car Care, Inc.'s vehicle service contracts while he was at his home in Ashley County, Arkansas.

17. Cline was interested in purchasing a vehicle service contract from Ox Car Care, Inc., and called the phone number associated with the advertisement.

18. After a brief conversation with the representative of Ox Car Care, Inc., Cline decided to purchase a vehicle service contract from Ox Car Care, Inc.

19. The representative of Ox Car Care, Inc. then transferred the phone call to a representative of Walco Funding to set up Cline's monthly payments.

20. Under the payment plan with Walco Funding, Cline was to pay for the vehicle service contract in installment amounts of $109.00 each month beginning in August 2021.

21. However, Walco Funding failed to provide Plaintiff with written notice that any of the $109.00 monthly payments would be debited from his bank account.

22. During August 2021, the first month of payments, Walco Funding debited too much money from Cline's checking account.

23. On August 9, 2021, Walco Funding debited $344.90 from Cline's account, over three times the correct payment amount of $109.00.

24. Cline did not authorize Walco Funding to debit the $344.90 from his account.

25. On August 13, 2021, Walco Funding refunded Cline an insufficient amount of $339.90, failing to fully reimburse Plaintiff the entire $344.90, it illegally debited from his bank account.

26. During the second month of payments, September 2021, Walco Funding debited Cline's bank account twice, one of which was also in the incorrect amount.

4

27. Walco Funding debited $119.00 from Plaintiff's bank account on September 7, 2021, and another $109.00 from Plaintiff's bank account on September 10, 2021.

28. Walco Funding did not obtain Cline's written authorization for any of these payments, or any recurring payments as required by the EFTA.

29. Walco Funding sent Cline a check in the amount of $109.00 on or about October 1, 2021, but retained the $119.00 it was not authorized to debit from Cline's account for the month of September 2021.

30. The Billing Statements Walco Funding sent to Cline confirm that the monthly payments for the vehicle service contract were set at $109.00.[5]

31. Walco Funding failed to instruct Plaintiff on how to terminate the recurring debit charges as required by the EFTA.

32. Plaintiff had no relationship with Walco prior to these events.

33. Walco Funding's conduct violates the EFTA, and its applicable regulations.

34. Walco Funding's conduct violated the Arkansas Deceptive Trade Practices Act,

### Class Action Allegations

35. Plaintiff brings these claims on behalf of classes of Arkansas residents under Ark. R. Civ. P. 23(a) and (b).

36. The EFTA Class is defined as follows:

All persons in Arkansas whose bank accounts were debited on a recurring basis by Walco Funding, LLC without Walco Funding, LLC obtaining written authorization for preauthorized electronic funds transfers within the one year prior to the filing of this Complaint.

---

[5] Exhibits 1 and 2.

37. The ADTPA/Conversion Class is defined as follows:

All persons in Arkansas who received a Billing Statement from Walco Funding and whose bank accounts were debited in amounts greater than the Installment Amount designated on their Billing Statement within five years prior to the filing of this Complaint.

38. The EFTA Class and the ADTPA/Conversion Class are collectively referred to as "the Classes."

39. Upon information and belief, the putative class members are so numerous that joinder is not practicable.

40. There are questions of law and fact common to the putative class members which predominate over any questions relating to individual class members, including but not limited to:

   a. Whether Walco Funding made or caused recurring debit charges to be made to Cline and the putative members of the EFTA Class without their authorization and/or without instructing them on how to terminate such recurring debit charges;

   b. Whether Walco Funding violated the EFTA or the rules prescribed under it;

   c. Whether Walco Funding violated the ADTPA;

   d. Whether Walco Funding wrongfully converted the ADTPA/Conversion Class putative class members' money in their accounts;

   e. Whether Walco Funding and the members of the Classes are entitled to statutory damages, treble damages, actual financial loss, and attorney fees and costs for Walco Funding's acts and conduct; and

   f. Whether Cline and the Classes are entitled to any other relief.

41. Cline's claims are typical of the claims of the members of the Classes members.

42. Cline is a member of the class and is an adequate representative of the Classes.

43. Cline has retained counsel experienced in consumer class actions.

44. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights; and

    c. Congress intended class actions be the principal enforcement mechanism under the EFTA.

### Causes of Action

### Count I – Violations of the EFTA

45. Cline incorporates by reference the above paragraphs as though stated:

46. The EFTA, 15 U.S.C. § 1693 et seq., provides "a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems."[6] Regulation E (Reg. E), 12 C.F.R. § 1005 et seq., is the set of federal regulations whose stated purpose is to carry out the purposes of the EFTA.

47. The EFTA's primary purpose is "the provision of individual consumer rights."[7]

---

[6] 15 U.S.C. § 1693(b).

[7] Id.

48. The EFTA provides as follows:

(a) A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made. A consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer. The financial institution may require written confirmation to be provided within fourteen days of an oral notification if, when the oral notification is made, the consumer is advised of such requirement and the address to which such confirmation should be sent.[8]

49. Under the EFTA, "the term 'preauthorized electronic fund transfer' means an electronic fund transfer authorized in advance to recur at substantially regular intervals[.]"[9]

50. The EFTA requires preauthorized electronic fund transfer be authorized in writing:

(b) Written authorization for preauthorized transfers from consumer's account. Preauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer.[10]

51. In multiple instances, Walco Funding debited Cline's and the EFTA Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Cline's and the EFTA Class members' bank accounts, and thereby violated the EFTA, 15 U.S.C. § 1693e(a), and 12 C.F.R. § 205.10(b).

---

[8] 15 U.S.C. § 1693e(a).

[9] 15 U.S.C. § 1692a(9).

[10] 12 C.F.R. § 205.10(b).

Case 1:22-cv-01021-SOH Document 3 Filed 04/06/22 Page 9 of 13 PageID #: 55

52. The EFTA provides for civil liability against any person (not only a financial institution) who violates its provisions as follows:

**(a) Individual or class action for damages, amount of award**

Except as otherwise provided by this section and section 1693h of this title, any person who fails to comply with any provision of this subchapter with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer in an amount equal to the sum of--

(1) any actual damage sustained by such consumer as a result of such failure;

(2)(A) in the case of an individual action, an amount not less than $100 nor greater than $1,000; or

(B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the defendant; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.[11]

53. As a result of Walco Funding's violates of the EFTA, Cline, individually is entitled to actual damages and statutory damages in an amount up to $1,000; the members of the EFTA Class members are entitled to statutory damages totaling the lesser of $500,00 or 1% of Walco Funding's net worth; and Cline and the EFTA Class are entitled to costs and a reasonable attorney fee.[12]

---

[11] 15 U.S.C. § 1693m(a).

[12] *Id.*

9

### Count II – Violations of the ADTPA

54. Cline incorporates by reference the above paragraphs as though stated.

55. The ADTPA proscribes a deceptive and unconscionable trade practices:

(a) Deceptive and unconscionable trade practices made unlawful and prohibited by this chapter include, but are not limited to, the following:

*** 

  (10) Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade[.][13]

56. The ADTPA also proscribes unlawful conduct:

(a) When utilized in connection with the sale or advertisement of any goods, services, or charitable solicitation, the following is unlawful:

  (1) The act, use, or employment by a person of any deception, fraud, or false pretense;

  (2) The concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission[.][14]

57. Walco Funding violated the ADTPA by representing to Cline and the ADTPA/Conversion Class members that it would debit Cline's bank account and the ADTPA/Conversion Class members' bank accounts for the amounts listed as the Installment Amount in their Billing Statements, respectively.

58. Walco Funding's practice of debiting Cline's bank account and the ADTPA/Conversion Class members' bank accounts in amounts greater than the Installment

---

[13] Ark. Code Ann. § 4-88-107(a)(10).

[14] Ark. Code Ann. § 4-88-108(a)(1), (2).

Amount in their Billing Statements, respectively, proximately caused Cline and the ADTPA/Conversion Class members' actual financial loss.

59. The ADTPA provides for civil liability against any person who violates its provisions as follows:

> A person who suffers an actual financial loss as a result of his or her reliance on the use of a practice declared unlawful by this chapter may bring an action to recover his or her actual financial loss proximately caused by the offense or violation, as defined in this chapter.[15]

60. The ADTPA also allows a court to award a reasonable attorney fee.[16]

61. Cline and the ADTPA/Conversion Class members justifiably relied on Walco Funding's representations that Walco Funding would only debit their banks accounts in the amount listed as an "Installment Amount" on their Billing Statements, respectively.

62. Walco Funding's practice of debiting Cline's bank account and the ADTPA/Conversion Class members' bank accounts in amounts greater than the Installment Amount in their Billing Statements, respectively, proximately caused Cline and the ADTPA/Conversion Class members' actual financial loss.

63. The ADTPA's prohibition against private class actions violates the Arkansas Constitution because it invades the Arkansas Supreme Court's rule-making authority under the Arkansas Constitution.

---

[15] Ark. Code Ann. § 4-88-113(f)(1)(A).

[16] Ark. Code Ann. § 4-88-113(f)(3).

### Count III – Conversion

64. Cline incorporates by reference the above paragraphs as though stated.

65. Walco Funding intentionally debited Cline's bank account and the ADTPA/Conversion Class members' bank accounts in amounts greater than the Installment Amount listed in their Billing Statements, respectively.

66. Cline and the ADTPA/Conversion Class were entitled to the money in their bank accounts, respectively.

67. Walco Funding intentionally took or exercised dominion or control over Cline's and the ADTPA/Conversion Class members' money in violation of their rights.

68. Cline and the ADTPA/Conversion Class members have suffered actual damages proximately caused by Walco Funding's conversion of their money in amounts greater than the Installment Amounts listed in their Billing Statements, respectively.

69. Alternatively, Walco Funding has been unjustly enriched and the Court should order disgorgement or restitution to Cline and the ADTPA/Conversion Class in the amounts Walco Funding debited Cline's bank account and the ADTPA/Conversion Class members' bank accounts that were greater than the amount Installment Amounts listed on their Billing Statements, respectively.

### Jury Demand

70. Cline demands a trial by jury on all issues so triable.

### Prayer for Relief

Plaintiff Carl Cline requests that the Court enter a judgment in his favor and in favor of the EFTA Class, and the ADTPA/Conversion Class as follows:

a. An order certifying this case as a class action, certifying Plaintiff as representative of the EFTA Class and the ADTPA/Conversion Class, and designating Plaintiff's counsel as Class counsel;

b. Actual damages for violations of the EFTA and for conversion,

c. Statutory damages for violations of the EFTA,

d. Actual financial loss for violations of the ADTPA;

e. Reasonable attorney's fees and costs, including such fees and costs as may be recovered under the EFTA and the ADTPA; and

f. Such further and other relief as this Court deems just and proper.

Respectfully submitted,

By: *(signature)*

Corey D. McGaha
Ark. Bar No. 2003047
COREY D. MCGAHA PLLC
5507 Ranch Drive
Suite 104-D
Little Rock, AR 72223
Phone (501) 205-4026
Fax: (501) 367-8208
cmcgaha@mcgahalaw.com

Todd M. Turner
Ark. Bar No. 92266
Dan O. Turner
Ark. Bar No. 97179
TURNER AND TURNER, PA
501 Crittenden Street
P.O. Box 480
Arkadelphia, AR 71923
todd@tandt.net
dan@tandt.net